IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eleanor Mullens, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 5315 |
| Harvest Credit Management VII, LLC, a Colorado limited liability company, and Receivables Performance Management, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Eleanor Mullens, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.     Plaintiff, Eleanor Mullens ("Mullens"), is a citizen of the State of Connecticut, from whom Defendants attempted to collect a delinquent consumer debt owed for a Circuit City/Chase credit card, which was then allegedly owed to a bad debt

buyer, Harvest Credit Management VII, LLC. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Harvest Credit Management VII, LLC ("Harvest"), is a Colorado limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Harvest operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Harvest was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Harvest is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Receivables Performance Management, LLC.

6. Defendant, Receivables Performance Management, LLC ("RPM"), is a Washington limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. RPM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact,

2

Defendant RPM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Harvest and RPM are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Harvest and RPM both conduct business in Illinois.

8. Defendants Harvest and RPM are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Harvest and RPM each act as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Mullens is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Circuit City/Chase credit card. At some point in time after that debt became delinquent, Defendant Harvest bought Ms. Mullens' debt. When Defendant Harvest began trying to collect this debt from her, by having other collection agencies, including London & London (in December, 2007) and Glass Mountain Capital (in February, 2010) demand payment from Ms. Mullens, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Harvest's collection actions.

10. Accordingly, on January 7, 2008 and February 3, 2010, one of Ms. Mullens' attorneys at LASPD informed Defendant Harvest, in writing, through its agents, London & London and Glass Mountain Capital, that Ms. Mullens was represented by

counsel, and directed Harvest to cease contacting her, and to cease all further collection activities because Ms. Mullens was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of LASPD's January 7, 2008 and February 3, 2010 letters and are attached as Group Exhibit C.

11. Nonetheless, despite being advised that Ms. Mullens was represented by counsel and refused to pay the debt, Defendant Harvest had Defendant RPM send Ms. Mullens a collection letter, dated May 14, 2011, which demanded payment of the Circuit City/Chase debt. A copy of this letter is attached as Exhibit D.

12. Accordingly, on May 31, 2011, Ms. Mullens' attorneys at LASPD had to inform Defendant Harvest, yet again, this time through Defendant RPM, that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

4

refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Mullens' attorneys/agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Mullens was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant Harvest, in writing, through its agents, that Ms. Mullens was represented by counsel, and had demanded a cessation of communications with Ms. Mullens.  By sending a collection letter to Ms. Mullens, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eleanor Mullens, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mullens, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eleanor Mullens, demands trial by jury.

                        Eleanor Mullens,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: August 5, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com